IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MATTHIAS RATH;<br>DR. RATH INTERNATIONAL,<br>INC.; and DR. RATH HEALTH<br>PROGRAMS B.V., <br><br>         Plaintiffs,<br><br>   v.<br><br>VITA SANOTEC, INC.;<br>VITA SANOTEC B.V.;<br>and FRANK KRÄLING,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PRELIMINARY AND**
**PERMANENT INJUNCTIVE RELIEF AND FOR DAMAGES**

Plaintiffs DR. MATTHIAS RATH, DR. RATH INTERNATIONAL, INC., and DR. RATH HEALTH PROGRAMS B.V. bring this Complaint for Preliminary and Permanent Injunctive Relief and for Damages against Defendants VITA SANOTEC, INC., VITA SANOTEC B.V., and FRANK KRÄLING.

**The Parties**

1. Plaintiff DR. MATTHIAS RATH is a German citizen currently residing in the Netherlands.

2. Plaintiff DR. RATH INTERNATIONAL, INC. is a California corporation maintaining its principal place of business in California.

3. Plaintiff DR. RATH HEALTH PROGRAMS B.V. is a Dutch corporation maintaining its principal place of business in the Netherlands.

4. Defendant VITA SANOTEC, INC. is, upon information and belief, a Delaware corporation that can be served through its registered agent Meridian Services LLC, 1000 N. West Street, Suite 1200, Wilmington, Delaware 19801.

5. Defendant VITA SANOTEC B.V. is, upon information and belief, a Dutch company.

6. FRANK KRÄLING is, upon information and belief, a German citizen.

**Jurisdiction and Venue**

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because it arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

8. This Court has personal jurisdiction over VITA SANOTEC, INC. because it is incorporated in Delaware, and over Defendants VITA SANOTEC, B.V., and FRANK KRÄLING because they are co-civil conspirators.

9. Venue is proper under 28 U.S.C. §1391(b)(1) because VITA SANOTEC, INC. resides in this district, and under 28 U.S.C. §1391(b)(3) because VITA SANOTEC, INC. is subject to this Court's personal jurisdiction.

**Common Factual Allegations**

10. Plaintiff DR. MATTHIAS RATH ("DR. RATH") is a scientist and the founder of "Cellular Medicine", a new field of science that translates knowledge about the role of micronutrients as biocatalysts in cellular metabolism into practical application for human health. The expansion of this new field focuses on building a bridge between the science of nutritional biochemistry and phytobiology and the practice of medicine. DR. RATH's life work has been

devoted to making scientific contributions towards the natural control of heart disease, cancer, infections, and other widespread diseases.

11. DR. RATH was born in Stuttgart, Germany in 1955. After graduating from medical school he worked as a physician and researcher at the University of Hamburg, Germany where DR. RATH and two of his colleagues discovered that the primary cause of heart attacks and strokes was not, as previously thought in the medical community, "LDL" (low-density lipoprotein) but, rather, "lipoprotein(a)," or "sticky" cholesterol.

12. After making this breakthrough, DR. RATH accepted a position with the German Heart Center in Berlin, Germany, before being invited by two-time Nobel Laureate, Dr. Linus Pauling, to accept a position at the Linus Pauling Institute in California. There, DR. RATH assumed the position of Director of Cardiovascular Disease in 1990. While at the Institute, DR. RATH co-authored with Dr. Pauling eight papers and a series of monographs relating to cardiovascular disease and certain other health conditions.

13. DR. RATH has authored or co-authored more than one hundred articles in well-respected publications such as the European Journal of Clinical Pharmacology, the European Heart Journal, and the Proceedings of the National Academy of Sciences. Among others, he is a member of the American Heart Association and the New York Academy of Sciences;. DR. RATH has authored several books, like (1) *Why Animals Don't Get Heart Attacks – But People Do*; and (2) *Victory over cancer*, which have been translated in more than a dozen languages. He has made scientific presentations at the annual meetings of the American Heart Association and the European Society of Cardiology. DR. RATH is also the holder of more than 90 national and international patents, e.g. for the therapy of cardiovascular disease, the treatment of cancer as well as novel therapies against other diseases.

14. As a result of his extensive research, DR. RATH has developed, through his research institute in Santa Clara, California, a new scientific concept that the long-term deficiency of vitamins and certain other micronutrients is a strong contributing factor or even primary cause of cardiovascular diseases, diabetes, cancer, and other chronic diseases. This concept, called "CELLULAR MEDICINE," defines an optimum daily intake of specific micronutrients as a basic preventative measure for maintaining health, and as an effective and safe control over many pathological conditions. The optimum functioning of the body's cells is the foundation of health and, in contrast, cellular malfunction leads to disease. The scientific rational for this new health concept is straight forward: Micronutrients are essential co-factors (catalysts) of a multitude of metabolic processes taking place in the body's cells, such as converting food into biological energy to support cellular metabolism and to build the body's structures. Many of these essential micronutrients, such as vitamin C and the amino acid lysine, are not produced in the human body. These and many other essential nutrients have to be obtained in sufficient amounts in our diet and/or provided in a form of supplementation. In addition, certain vitamins and amino acids, such as proline, can be produced in our body but their quantities are usually not enough to maintain optimum health.

15. DR. RATH defined a new direction in cancer research by shifting its primary focus from eliminating cancer cells to addressing a common pathomechanism of all cancers, which is the degradation of the surrounding connective tissue. This mechanism is a precondition for the invasive growth of tumors as well as cancer metastasis. He suggested that the specific combination of certain natural substances (vitamins, amino acids, polyphenols and other micronutrients) working in biological synergy could effectively control this process as the necessary components for optimum strength and stability of collagen and connective tissue in the

body. His research team has proven this combination to be effective in blocking more than 50 human cancer cell lines.

16. DR. RATH's breakthrough discoveries also include defining new biological targets in developing effective natural approaches towards the control of other diseases. A comprehensive list of mostly peer-reviewed scientific publications is provided on the website of the Dr. Rath Research Institute, http://www.drrathresearch.org/publications.

17. DR. RATH's reputation has grown through the investment of substantial time, money and effort in developing goodwill in connection with his name and his products.

18. Plaintiff DR. RATH INTERNATIONAL, INC. is a leader in the field of natural health care. DR. RATH INTERNATIONAL, INC. has been using the mark "DR. RATH INTERNATIONAL, INC." in connection with the sale of nutritional supplements and vitamins, developed by DR. RATH and his research team throughout the United States since 1998. DR. RATH INTERNATIONAL, INC. has grown successfully through the investment of substantial time, money and effort in developing goodwill in connection with its name and related products.

19. Plaintiff DR. RATH HEALTH PROGRAMS B.V. is also a leader in the field of natural health care. DR. RATH HEALTH PROGRAMS B.V. has been using the mark "DR. RATH HEALTH PROGRAMS B.V." in connection with its sale of vitamins and nutritional supplements since 1998 in various countries. DR. RATH HEALTH PROGRAMS B.V. has likewise grown successfully through the investment of substantial time, money, and effort, in developing substantial goodwill in connection with its name and related products. DR. RATH HEALTH PROGRAMS B.V. also maintains a website advertising its vitamins and nutritional supplements at www.drrath.com.

20. "MATTHIAS RATH" is a federally registered trademark in the U.S. (Serial No. 76159909) and in the European Union (No. 000726091). DR. RATH also has numerous other federally registered trademarks in the U.S., including: "DR. RATH CELL PERFORMANCE"; "DR. RATH'S PROBIOTICS"; "DR. RATH'S PHYTOBIOLOGICALS"; "DR. RATH OMEGA 3 VEGAN"; "DR. RATH VITAMIN D3"; "DR. RATH ZINC-SELENIUM COMPLEX"; "DR. RATH Q10 COMPLEX"; "DR. RATH VITAMIN B COMPLEX"; "DR. RATH OMEGA E"; "DR. RATH'S HEALTH ALLIANCE"; "DR. RATH HEALTH FOUNDATION"; "DR. RATH'S CELLULAR HEALTH"; "DR. RATH'S CELLULAR MEDICINE"; and "DR. RATH'S VITACFORTE."

21. In addition, DR. RATH is the owner of registered trademarks for "RATH" and "DR. RATH" in various countries worldwide, particularly in important economic areas. Plaintiffs have the exclusive right to use the name, research, and/or likeness of DR. RATH (hereinafter name, research, and/or likeness collectively referred to as "name") for trade, commercial and advertising purposes. Plaintiffs also have the exclusive right to use the mark "MATTHIAS RATH" or any variation thereof in commerce.

22. In September 2014, a customer contacted Plaintiffs after receiving a German language brochure (the "Brochure") advertising a "miracle cure" called "Vital Ultra" that promises to reverse the process of aging by revitalizing the user's cell membranes. The brochure utilizes DR. RATH's name and likeness, the MATTHIAS RATH mark, and republishes Plaintiffs' research without permission or consent. A copy of the original Brochure and a certified translation is attached as Exhibit A.

23. The Brochure's content makes no clear reference to its authorship but it refers to "Vita Sanotec, Inc.", a Delaware corporation incorporated in March 2014, as an order address in

the city of Winterberg, Germany. Exhibit A. After reviewing the Brochure, Plaintiffs discovered that the only company to sell the advertised product "Vita Ultra" was a similarly named Dutch company called "Vita Sanotec B.V."

24.     Vita Sanotec B.V. is registered in the Netherlands and managed by Frank Kräling. Both Vita Sanotec B.V. and Vita Sanotec, Inc. sell identical products, under nearly identical names, and utilize trademarks registered to a German corporation owned and managed by Frank Kräling called FRK Beteiligungsgesellschaft mbH. FRK Beteiligungsgesellschaft mbH is the sole shareholder of Vita Sanotec B.V. Moreover, both the Dutch and American companies fulfill shipments through another German company, FRK Service GmbH, with its corporate base in Winterberg, Germany. FRK Service GmbH is indirectly owned by Frank Kräling, as its sole shareholder is FRK Beteiligungsgesellschaft mbH.

25.     On October 2, 2014, Plaintiffs initiated proceedings against Vita Sanotec B.V. with Frank Kräling as its legal representative in Germany for the use of Plaintiffs' intellectual property and unlawful advertising. During the German proceedings, Mr. Kräling denied any connection between Vita Sanotec B.V. and Vita Sanotec, Inc. Mr. Kräling also claimed that the brochure was distributed by Vita Sanotec, Inc. in 2014.

26.     Upon information and belief, Frank Kräling is a principal of Vita Sanotec, Inc., a shell company that he has incorporated for the purpose of shielding his company Vita Sanotec B.V. from potential liability for unlawful advertising under German and European law, as well as to profit off of the name, likeness, and research of DR. RATH and Plaintiffs without liability.

27.     Upon information and belief, Defendants are using DR. RATH's name and likeness for trade, commercial, and advertising purposes. Defendants' unauthorized use of DR. RATH's name and likeness, the "MATTHIAS RATH" mark, and Plaintiffs' research in

connection with the sale of its product, whose quality DR. RATH cannot control, jeopardize DR. RATH's reputation as a manufacturer of high quality and effective vitamins and nutritional supplements and deprives DR. RATH of his right to profit from his name.

28.     It is likely that consumers have been confused and/or will be confused by use of the use of DR. RATH's name and likeness, as well as the use of the mark "MATTHIAS RATH" and his research, in the Brochure. Consumers receiving the Brochure may erroneously conclude that Plaintiffs control, endorse, sponsor or are somehow affiliated with the Vita Ultra product or the companies Vita Sanotec B.V. or Vita Sanotec, Inc.

29.     Defendants' use of the "MATTHIAS RATH" mark deprives the Plaintiffs of the opportunity to exercise their exclusive right to exploit the substantial goodwill that they have developed in the "MATTHIAS RATH" mark for several years.

30.     Defendants' conduct in adopting and using in commerce DR. RATH's name and the "MATTHIAS RATH" mark constitutes statutory and common law misappropriation of name, trademark infringement, and unfair competition.

## COUNT I
## COMMON LAW MISAPPROPRIATION OF NAME AND LIKENESS

31.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

32.     Defendants have commercially exploited the property value of DR. RATH's name by using DR. RATH's name and image to promote and sell Defendants' products through its Brochure.

33.     Defendants have engaged in this activity willfully, deliberately, and with intent to profit from DR. RATH's name.

34. As a direct and proximate result of Defendants' unlawful activities, Plaintiffs have been and will continue to be harmed.

35. Defendants' willful and unlawful conduct constitutes common law misappropriation.

## COUNT II
## LANHAM ACT - UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

36. Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

37. Defendants' use of the "MATTHIAS RATH" mark in connection with its Vita Ultra product constitutes a false designation of origin, a false description and a false representation that the Plaintiffs authorized, originated, sponsored, approved, licensed or participated in the creation of Defendants' products.

38. Upon information and belief, Defendants have used the "MATTHIAS RATH" mark with full knowledge of the long and extensive prior use of the mark by the Plaintiffs.

39. Defendants have used the "MATTHIAS RATH" mark in such a manner as to cause confusion, mistake or deception as to the source, approval, sponsorship, authorization, or affiliation of Defendants' goods and services so as to suggest a connection between the Plaintiffs' products on the one hand, and the Defendants' products on the other.

40. As a direct and proximate result of Defendants' creation of a false impression of association between Plaintiffs and Defendants, and Defendants' creation of a false designation of the origin of Defendants' goods and services, Plaintiffs have been damaged and will continue to be damaged.

41. Defendants have engaged in these activities willfully, deliberately and with an intent to reap the benefit of Plaintiffs' goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
### LANHAM ACT - TRADEMARK DILUTION, 15 U.S.C. § 1125(c)

42. Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

43. Plaintiffs' "MATTHIAS RATH" mark has become famous and distinctive of Plaintiffs and their products in the minds of the relevant consuming public.

44. Defendants' use of the mark "MATTHIAS RATH" occurred long after Plaintiffs' "MATTHIAS RATH" mark became famous, and has caused and will continue to cause dilution of the distinctive quality of Plaintiffs' "MATTHIAS RATH" mark.

45. As a direct and proximate result of Defendants' unlawful activities, Plaintiffs have been damaged and will continue to be damaged by Defendants' dilution of Plaintiffs' "MATTHIAS RATH" mark.

46. Defendants' willful and unlawful conduct, constitutes federal trademark dilution in violation of 15 U.S.C. § 1125(c).

## COUNT IV
### CONSPIRACY TO MISAPPROPRIATE INTELLECTUAL PROPERTY

47. Plaintiffs reallege and incorporate by reference paragraphs 1 through 35.

48. On information and belief, Defendants VITA SANOTEC, INC., VITA SANOTEC B.V., and FRANK KRÄLING have combined and formed a conspiracy to misappropriate, infringe, and otherwise improperly use Plaintiffs' intellectual property as more fully set forth above.

49. On information and belief, the means and overt action include the publication and distribution of the Brochure misappropriating Plaintiffs' intellectual property.

50. On information and belief, the scheme involved setting up an American company to act as the front for the infringement by the German company with the scheme orchestrated and run by FRANK KRÄLING.

51. This civil conspiracy has caused continued injury to Plaintiffs' business, trademark and regulation.

WHEREFORE, Plaintiffs demand judgment as follows:

A. Enjoin Defendants, their employees, agents, attorneys, servants, successors and assigns, and all those in active concert or participation with them, during the pendency of this action and permanently from:

  (1) using DR. RATH's name or likeness, his research findings, and the "MATTHIAS RATH" mark, or any confusingly similar designation alone or in combination with other words, as a trademark component or otherwise, to market, advertise or identify Defendants' vitamins and nutritional supplements or related products;

  (2) using any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, including but not limited to the use of DR. RATH's name or likeness or the "MATTHIAS RATH" mark, which is likely to cause confusion, or to cause, mistake, or to deceive as to affiliation, connection, or association of Defendants or their agents with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities;

  (3) otherwise infringing Plaintiffs' marks;

  (4) unfairly competing with Plaintiffs in any manner whatsoever; and

  (5) causing the likelihood of confusion, injury to business, reputation, or dilution of the distinctiveness of Plaintiffs' marks; and

B. Order Defendants to deliver up for destruction all products, labels, signs, packages, stickers, tags, warranty booklets, advertisements, promotional materials, web sites and other items in their possession or under its control on which appear DR. RATH's name or likeness or the MATTHIAS RATH mark or any variation thereof;

C. Direct Defendants to file with the Court and serve on Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner in which Defendants have complied with the same;

D. Award Plaintiffs all damages sustained by Plaintiffs as found by the Court in consequences of Defendants' unlawful activities, together with appropriate interest on such damages;

E. Order Defendants to pay Plaintiffs all the gains, profits, savings and advantages realized by Defendants from its unlawful activities after an accounting;

F. Order Defendants to pay such punitive and exemplary damages as the Court finds appropriate;

G. Order Defendants to pay Plaintiffs treble damages and attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

H. Order Defendants to pay Plaintiffs the costs and disbursements of this action; and

I. Award Plaintiffs such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this action.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| | /s/ *Richard D. Heins* |
| Richard J. Ovelmen | Richard D. Heins (#3000) |
| Enrique D. Arana | 500 Delaware Avenue, 8th Floor |
| Justin S. Wales | P.O. Box 1150 |
| CARLTON FIELDS JORDEN BURT, P.A. | Wilmington, Delaware 19899 |
| Miami Tower, Suite 4200 | (302) 654-1888 |
| 100 S.E. Second Street | rheins@ashby-geddes.com |
| Miami, Florida  33131 | |
| (305) 530-0050 | *Attorneys for Plaintiffs* |
| rovelmen@carltonfields.com | |
| earana@carltonfields.com | |
| jwales@carltonfields.com | |

Dated:  July 14, 2017

111201719