IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MATTHIAS RATH; DR. RATH INTERNATIONAL, INC.; AND DR. HEALTH PROGRAMS B.V. )<br><br>Plaintiffs, )<br><br>v. )<br><br>VITA SANTOTEC, INC., VITA SANTOTEC B.V.; and FRANK KRÄLING, )<br><br>Defendants ) | C.A. No. 17-953- MN-MPT |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This matter arises from a motion for attorney' fees by plaintiffs Dr. Matthias Rath, Dr. Rath International, Inc. and Rath Health Programs B.V. (collectively "plaintiffs") against defendants Vita Sanotec, Vita Sanotec B.V., and Frank Kräling (collectively, "defendants"). In July 2017, plaintiffs filed suit against defendants, asserting claims of misappropriation of name and likeness, trademark dilution and unfair competition under the Lanham Act, and conspiracy to misappropriate intellection property.[1] Defendants responded by moving to dismiss plaintiffs' claims, but eventually terminated their counsel and stopped participating in the action.[2] A default was entered against defendants in July 2018, and plaintiffs were granted a default judgment in

---

[1] D.I. 40 at 4.
[2] *Id.* at 8.

September 2018.³ On September 18, 2019, plaintiffs filed the instant motion for attorneys' fees.⁴

This Report and Recommendation addresses plaintiffs' motion for fees. For the reasons discussed herein, this court recommends that plaintiffs' motion be denied.

## II. BACKGROUND

### A. Parties

Plaintiff Dr. Matthias Rath "is a pioneer in the field of 'Cellular Medicine'".⁵ Plaintiffs Dr. Rath International and Dr. Rath Health Programs B.V. are companies belonging to Dr. Rath which have "successfully developed nutritional supplements and vitamin products consistent with [Dr. Rath's] "Cellular Medicine" concept of health care."⁶ Defendant Frank Kräling is the principal of the defendant companies Vita Sanotec B.V. and Vita Sanotec, Inc.⁷ Plaintiffs allege that defendants published a German language brochure advertising a product that could "reverse the process of aging" using Dr. Rath's name and likeness.⁸

### B. Background

Around 2014, defendants published the aforementioned brochure featuring references to Dr. Rath "without [p]laintiffs' permission or consent."⁹ Plaintiffs "are the owners of a number of trademarks that they use in business, including the federally

---

³ *Id.* at 9.
⁴ D.I. 39.
⁵ D.I. 40 at 2.
⁶ *Id.*
⁷ *Id.* at 3.
⁸ *Id.*
⁹ *Id.* at 1.

registered trademark 'Matthias Rath'", which gives them the "exclusive right" for use of the "mark and variations thereof in commerce."[10]  Plaintiffs claim that "[d]efendants' unauthorized use of Dr. Rath's name and likeness" has damaged plaintiffs' reputation and necessitated the suit preceding the instant motion."[11]

Defendants initially responded to plaintiffs' complaint by filing a motion to dismiss in September 2017, "contending that the unlawful use was merely incidental and the claims were not sufficiently pleaded."[12]  An unsuccessful attempt by plaintiffs to secure the production of documents followed, ultimately resulting in defendants' counsel canceling an agreed-to-meet and confer at the last minute.[13]  Defendants' counsel then moved to withdraw from the case.[14]  While this motion was initially denied, a motion for consideration was granted after defendants stopped communicating with their counsel.[15]  The court ordered defendants to obtain new counsel by May 23, 2018, which they failed to do.[16]

Plaintiffs moved for entry of default, which was granted on July 31, 2018.[17]  On September 5, 2018, a default judgment was entered pursuant to Fed. R. Civ. P. 55(b).[18]  Plaintiffs filed their present motion for attorneys' fees on September 18, 2019.

---

[10] *Id.* at 2.
[11] *Id*. at 3.
[12] *Id.* at 4.
[13] *Id*. at 6
[14] *Id.*
[15] *Id*. at 7.
[16] *Id.* at 8.
[17] *Id.*
[18] D.I. 36.

3

### III. STANDARD OF REVIEW

A claim for attorneys' fees must be made by motion under Fed. R. Civ. P 54(d)(2)(A).  The Rule requires that absent a statute, or court order stating otherwise, the motion must:  "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."[19]

The Federal Rules of Civil Procedure allow the court to extend the 14-day deadline at a party's request "before the original time or its extension expires" if there is "good cause."[20]  The court may also grant a party additional time "on [the] motion made after the time has expired if the party failed to act because of excusable neglect.[21]  The presence of excusable neglect is determined by the court after examining factors including "danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[22]  Counsel's efforts to comply with the deadline may also be balanced against

---

[19] FED. R. CIV. P. 54(d)(2)(B).
[20] FED. R. CIV. P. 6(b)(1)(A).
[21] FED. R. CIV. P. 6(b)(1)(B); see Schering Corp. v. Amgen, Inc., 198 F.R.D 422, 425 (D. Del. 2001) (noting "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.").
[22] See Murdock v. Borough of Edgewater, 600 F. App'x 67, 71 (3d Cir. 2015) (citations omitted).

any "inadvertence which results from counsel's lack of diligence."[23] The court may "weigh the aforementioned factors as it sees fit" to arrive at an equitable decision.[24] Excusable neglect is also "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[25]

## IV.  ANALYSIS

### A.  Timeliness of the Motion

The court entered an order granting default judgment in plaintiffs' favor on September 5, 2018.[26] The order provided that "plaintiffs reserve their right to seek . . . attorneys' fees," but did not grant plaintiffs a specific extension of the usual 14-day filing window.[27] Plaintiffs filed the instant motion seeking their attorneys' fees on September 18, 2019, more than a year after entry of the default judgment.[28] At no intervening time did plaintiffs request an extension before the expiration of the filling deadline – as allowed under FED. R. CIV. P. 6(b)(1)(B).

Plaintiffs contend that the court's general reservation of their ability to seek attorneys' fees constitutes the requisite specificity needed to allow their motion to proceed beyond the 14-day window.[29] This interpretation is unpersuasive, particularly

---

[23] *See Consol. Freightways Corp. of Delaware v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987).
[24] *Schering Corp.*, 198 F.R.D. at 426.
[25] *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993).
[26] D.I. 36.
[27] *Id.*
[28] D.I. 40.
[29] *See id.* at 18 (arguing that "the Order Granting Entry of the Default Judgment specifically stated that it reserved [p]laintiffs' right to seek attorneys' fees and damages.").

in light of the 1993 Advisory Committee Notes reiterating that the "deadline for motions for attorneys' fees [is] 14 days after final judgment *unless* the court or a statute *specifies* some other time."[30]

Plaintiffs also appear to argue that any denial of their motion based on untimeliness would contravene the spirit of the Rules because such a denial would be based (1) largely on procedural grounds, and (2) because defendants had notice of plaintiffs' intent to seek such fees.[31] In support, they cite cases from the Fifth Circuit Court of Appeals which, in addition to being a different circuit and not controlling law for this court, are factually distinguishable from the present circumstances. In *Romaguera v. Gegenheimer*, the district court specifically acknowledged the plaintiff's request for attorneys' fees and ordered a separate hearing on the matter, which gave the plaintiff an impression that a motion under Rule 54(d)(2)(B) was unnecessary.[32] This appellate court further indicated that absent the court's prior stated intent to hold a hearing, raising the issue "nearly a year after the entry of final judgment" should result in "proper[] deni[al] [of] the party's request because it was untimely under Rule 54(d)(2)."[33]

Plaintiffs' reliance on *Jones v. Central Bank*- another Fifth Circuit case which found that granting a motion filed a single day after the 14 days had expired as not

---

[30] FED. R. CIV. P. 54(B) Advisory Committee's Note to 1993 amendment (emphasis added).
[31] D.I. 40 at 18.
[32] *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998) (finding that '[h]ad the court not addressed the issue, or refrained from giving the impression that a hearing would be scheduled by the court, [the plaintiff] would have been required to file the motion under Rule 54(d)(2).)"
[33] *Id.* at 895. (citing *United Industries, Inc. v. Simon-Hartley, Ltd.,* 91 F.3d 762, 766 (5th Cir. 1996)).

constituting an abuse of discretion – holds minimal weight given the Fifth Circuit's lack of authority over this court, and that here, plaintiffs waited almost a year, not just a single day, to file their motion.

Given plaintiffs' motion was filed approximately one year after the 14-day deadline, their motion is untimely, and this court will only consider granting it if warranted by excusable neglect.

### B. Excusable Neglect

A review of the facts do not support a finding of excusable neglect. While some facts may weight in plaintiffs' favor pursuant to this inquiry, on balance, they reveal that plaintiffs fail to demonstrate that excusable neglect served as the basis for their untimely motion for attorneys' fees.

Plaintiffs furnish no reason for their delay in filing other than concurrent litigation against defendants in Europe and "counsel's investigation into defendant Vita Sanotec Inc.'s dissolution proceedings."[34] They provide no explanation why these two purported justifications prevented them from filing their motion no earlier than a year after the entry of the default judgment. While plaintiffs characterize their year-long wait as merely a "perceived delay"[35], this court finds their arguments for delay inadequate and within the "reasonable control of the movant."[36]

Similarly, the record is devoid of any indication that plaintiffs made any efforts to comply with the deadline. They never notified the court of their need for an extension

---

[34] D.I. 40 at 19.
[35] *Id.*
[36] *See Murdock*, 600 F. App'x at 71.

by filing a motion under Rule 6(b)(1)(B).  These factors, when considering the lengthy delay between the entry of the default judgment and plaintiffs' present motion, weigh heavily against a finding of excusable neglect.

Plaintiffs argue that defendants litigated in an "unreasonable manner" by ceasing to participate in this case, and, accordingly, face no prejudice by granting their motion for attorneys' fees.  As previously noted herein, defendants failed to litigate in good faith, and given their later complete absence from the proceedings, it is unlikely they could viably argue that granting the motion would be prejudicial, which could justify the court's forgiveness for the lateness of plaintiffs' motion.  However, the minimal risk of prejudice to defendants is outweighed by factors within plaintiffs' control which do not adequately explain why their motion was filed almost a year after the deadline expired. Therefore, this court finds that excusable neglect is not a basis for plaintiffs' untimely filing of their motion for attorneys' fees.

**V.      Conclusion**

For the reasons contained herein, it is recommended that:

1.  Plaintiffs' motion for attorneys' fees (D.I. 39) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72(a), and D. DEL LR 72.1, any objections to this Report and Recommendation shall be filed within fourteen (14) days and limited to 10 pages after being served with the same.  Should any response be filed, it shall be limited to ten (10) ages and filed within fourteen (14) days thereafter.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is

found on the Court's website (www.ded.uscourts.gov).

Date: June 23, 2020                          /s/ Mary Pat Thynge
                                             Chief U.S. Magistrate Judge