IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MATTHIAS RATH, DR. RATH INTERNATIONAL, INC., and DR. RATH HEALTH PROGRAMS B.V., <br><br> Plaintiffs, <br><br> v. <br><br> VITA SANOTEC, INC., VITA SANOTEC B.V., and FRANK KRÄLING, <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 17-953 (MN) ) ) ) ) ) ) |

**ORDER**

At Wilmington this 20th day of July 2020:

WHEREAS, on September 5, 2018, the Court entered default judgment in favor of Plaintiffs (D.I. 36);

WHEREAS, more than a year later, on September 18, 2019, Plaintiffs filed a motion seeking attorneys' fees (D.I. 39);

WHEREAS, on March 10, 2020, the Court referred Plaintiffs' motion for attorneys' fees to Chief Magistrate Judge Thynge (D.I. 44);

WHEREAS, on June 23, 2020, Judge Thynge issued a Report and Recommendation recommending that the Court deny Plaintiffs' motion for attorneys' fees as untimely (D.I. 45, "the Report");

WHEREAS, on July 7, 2020, Plaintiffs filed Objections to the Report (D.I. 47);

WHEREAS, Plaintiffs' Objections to the Report included arguments not presented in their initial motion as to why their motion for attorneys' fees was not untimely, including that the default judgment previously entered was not a final judgment (D.I. 47 at 3-5);[1]

WHEREAS, the Court will not hear arguments made for the first time in objections to a Report and Recommendation when those objections could have (and should have) been made in the motion referred to the Magistrate Judge. *See* October 8, 2013 Standing Order for Objections Filed Under FED. R. CIV. P. 72 ("Any party filing objections with a District Judge to a Magistrate Judge's order, ruling or recommended disposition must include, along with the objections, a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge."); and

WHEREAS, Plaintiffs have not established that good cause exists to allow them to raise new factual and legal arguments in their objections.

THEREFORE, IT IS HEREBY ORDERED, that Plaintiffs' objections are OVERRULED and the Report is ADOPTED.[2]

---

[1] In contrast, in their opening brief, Plaintiffs essentially concede that the default judgment was final, arguing that the Court's order and the notice to Defendants that Plaintiffs might seek fees exempted Plaintiffs from the fourteen day requirement of Rule 54(d)(2)(B)(i) and also that the Court should use its discretion to excuse the lateness based on "excusable neglect." (D.I. 40 at 18-19 and n.3). Consistent with that concession, Plaintiffs did not move for entry of final judgment until it filed its objections to the Report. (D.I. 46).

[2] The Court has reviewed *de novo* the Report and the underlying motion. To the extent that Plaintiffs objections are based on its assertion that the Court's general reservation of Plaintiffs' ability to seek attorneys' fees allows their motion to proceed beyond the 14-day window, the Court disagrees. As the Report noted, the 1993 Advisory Committee Notes state that the "deadline for motions for attorneys' fees [is] 14 days after final judgment unless the court or a statute specifies some other time." None of the cases cited by Plaintiffs suggest that a general reservation of rights in an order allows for the filing of a motion for attorneys' fees more than a year after judgment has been entered.

2

3

IT IS FURTHER ORDERED that Plaintiffs' motion for attorneys' fees is DENIED without prejudice.

IT IS FINALLY ORDERED that, should Plaintiffs' choose to re-file their motion, they shall do so within seven (7) days of the date of this Order.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge